IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANTHONY JORDAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-cv-02294 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Anthony Jordan's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 5). Because Petitioner is not entitled to relief, the amended § 2255 motion is DENIED. Accordingly, the Government's Motion to Revoke Petitioner's Release (d/e 19) is GRANTED.

### I. BACKGROUND

**A.    Procedural Background Pertaining to Petitioner's Underlying Criminal Case.**

In July 2006, Petitioner, pursuant to a written plea agreement, pled guilty to distributing five or more grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). See United

States v. Jordan, Case No. 04-cr-20008 (hereinafter, Crim.), Plea Agreement (d/e 7). As part of the plea agreement, Petitioner waived his right to appeal and collaterally attack his conviction and sentence. Id.; see also Resp. App'x 1 at 25, 27-29 (d/e 6-1).

Prior to Petitioner's sentencing, the U.S. Probation Office prepared a Presentence Investigation Report (PSR), which stated that Petitioner qualified as a career offender under United States Sentencing Guideline § 4B1.1 due to three prior convictions for crimes of violence: aggravated battery, Champaign County Circuit Court, Case No. 95-CF-452; mob action, Champaign County Circuit Court, Case No. 98-CF-1767; and domestic battery, Champaign County Circuit Court, Case No. 01-CF-1024. Crim., Presentence Investigation Report, ¶ 20 (d/e 66). A defendant is a career offender if he is at least 18 years old at the time he committed the instant offense, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 (2005). Former United States District Judge Michael P. McCuskey subsequently

adopted the U.S. Probation Office's findings at sentencing. See Crim., d/e 69.

Having been designated a career offender, Petitioner's offense level increased from 28 to 34, and his sentencing guideline range rose from 140 to 175 months to a range of 262 to 327 months. Crim., PSR, ¶ 56. The statutory minimum sentence was five years; the statutory maximum, forty. Id. ¶ 55 (citing 21 U.S.C. § 841(b)(1)(B)). In July 2006, Judge McCuskey sentenced Petitioner to 262 months' imprisonment. Crim., Judgment (d/e 68). Petitioner filed an appeal, see Crim., d/e 70, which was later dismissed by the United States Court of Appeals for the Seventh Circuit. Crim., Mandate (d/e 80). In 2008, Petitioner filed a § 2255 petition, which was denied that same year. See Jordan v. United States, Case No. 08-cv-02048, Motion (d/e 1); Judgment (d/e 7).

**B. Background Pertaining to Petitioner's § 2255 Motion.**

On December 8, 2015, Petitioner filed a § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015). See d/e 1. The Supreme Court there held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. Johnson, 135 S. Ct. at 2563; 18 U.S.C. § 924(e)(2)(B)(ii) (the ACCA "residual clause")

(defining the term "violent felony" to include "conduct that presents a serious potential risk of physical injury to another"). The Seventh Circuit authorized this Court to consider Petitioner's claim, an act necessary for the filing of a second § 2255 motion. See d/e 2; 28 U.S.C. § 2255(h). This Court then appointed the Federal Public Defender's Office to represent Petitioner, which then filed Petitioner's amended § 2255 motion.

In his amended motion, Petitioner argues both that the residual clause of the career offender guideline, identical in language to the residual clause of the Armed Career Criminal Act, is void for vagueness under Johnson and that he has only one prior conviction for a crime of violence. See U.S.S.G. § 4B1.2(a)(2) (2005) (defining a crime of violence as an offense that "involves conduct that presents a serious potential risk of physical injury to another"). Under Johnson, mob action cannot qualify as a crime of violence, as it can qualify only under the now-invalidated residual clause. See U.S. v. Cole, 298 F.3d 659, 661 (7th Cir. 2002); Am. Mot. at 2 (d/e 5); U.S.S.G. § 4B1.2(a)(2) (2005). Similarly, a domestic battery conviction can no longer qualify as a crime of violence. See United States v. Evans, 576 F.3d 766, 767-69 (7th Cir. 2009); Am. Mot. at

2 (d/e 5). This calculus leaves Petitioner with only one crime of violence conviction—his conviction for aggravated battery. Therefore, Petitioner asserts, he should not have been sentenced as a career offender.

In the Government's original response to Petitioner's amended motion, the Government did not contest Petitioner's claim that <u>Johnson</u> applies to the guidelines. Rather, the Government asserted that <u>Johnson</u> is not retroactively applicable to guidelines cases on collateral review and further argued that Petitioner waived his right to collaterally attack his sentence. Resp. at 6 (d/e 6). The Court stayed Petitioner's case pending appellate resolution of the effect of <u>Johnson</u> on the identically worded residual clause in the career offender guideline.

In August 2016, the Seventh Circuit held that <u>Johnson</u> did apply to the guidelines. <u>United States v. Hurlburt</u>, 835 F.3d 715, 725 (7th Cir. 2016) (applying <u>Johnson</u> and holding that the residual clause in § 4B1.2(a)(2) was unconstitutionally vague). In the wake of <u>Hurlburt</u>, the Court granted Petitioner's motion to be released on bond (d/e 9) and ordered Petitioner's release pending resolution of his § 2255 motion. See Opinion (d/e 15). But on March 6, 2017,

the United States Supreme Court decided Beckles v. United States, holding that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and that the residual clause in § 4B1.2(a)(2) is not void for vagueness. 137 S. Ct. 886, 890 (2017) (also abrogating Hurlburt). Shortly thereafter, the Government filed a notice in this case regarding supplemental authority, asserting that Beckles forecloses Petitioner's Johnson-based challenge to his career offender designation. The Government also argues for the revocation of Petitioner's bond, stating that Petitioner violated his bond conditions, see Notice (d/e 19) (noting that "approximately one month into his release, [Petitioner] violated his conditions of location monitoring" and currently faces state felony charges for aggravated battery of a peace officer and aggravated battery of a nurse). The Government contends, as the Government did in its original response, that Petitioner previously waived his right to collaterally attack his sentence.[1] Id. at 8 n.3.

---

[1] In a footnote, see Notice at 8 n.3 (d/e 19), the Government also argues, for the first time, that Petitioner's claim is (1) procedurally defaulted and (2) barred under 28 U.S.C. § 2244(b)(1), citing Bousley v. United States, 523 U.S. 614 (1998); White v. United States, 371 F.3d 900 (7th Cir. 2004); and Taylor v. Gilkey, 314 F.3d 832 (7th Cir. 2002). As Beckles clearly forecloses Petitioner's

## II. ANALYSIS

If the waiver in Petitioner's plea agreement bars Petitioner from collaterally attacking his sentence, as the Government asserts, Petitioner's claim cannot proceed. The Seventh Circuit has "consistently rejected arguments that an appeal waiver is invalid because the defendant did not anticipate subsequent legal developments." United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009). But contrary to the Government's position, this tradition is not an absolute bar to Petitioner's § 2255 motion.

The Court notes, as it has before, that the collateral attack waiver in Petitioner's plea agreement does not contain language that allows for appeals based on subsequent changes in the landscape of sentencing law. See Opinion (d/e 15). But this omission is not a complete bar to Petitioner. The Seventh Circuit has upheld appeal waivers entered into prior to the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005). See United States v. Lockwood, 416 F.3d 604, 608 (7th Cir. 2005); United States v. Bownes, 405 F.3d 634, 636-37 (7th Cir. 2005). However, these

---

ability to obtain habeas relief based on Johnson, the Court will not discuss the merits of the Government's additional arguments.

cases do not compel a holding that Petitioner's collateral attack waiver is applicable to a challenge based on Johnson. Booker deals with a criminal defendant's protection "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged" and the protection of his "right to demand that a jury find him guilty of all the elements of the crime with which he is charged." Booker, 543 U.S. at 230. Johnson, meanwhile, concerns rights bestowed on criminal defendants by the Due Process Clause. Johnson, 135 S. Ct. at 2558 (noting that the ACCA residual clause "produces more unpredictability and arbitrariness than the Due Process Clause tolerates").

This distinction is significant. The Seventh Circuit has noted that "there are at least some due process exceptions to a waiver of appellate review." United States v. Adkins, 743 F.3d 176, 192 (7th Cir. 2014) (allowing a criminal defendant who had waived his appellate rights in a plea agreement to challenge the vagueness of a term of supervised release). Waivers, the court held, must give way to ensure "fundamental fairness to the particular defendant and the fundamental legitimacy of the judicial process generally." Id. Just

as these principles allow for challenges to vague conditions of supervised release, so too should they allow for challenges to vague sentencing guidelines that have the ability to dramatically increase a defendant's imprisonment guideline range. The Due Process Clause demands as much. Therefore, the collateral attack waiver in Petitioner's plea agreement does not bar Petitioner's § 2255 motion.

As to the timeliness of Petitioner's motion, a petitioner is entitled to relief under § 2255 if he establishes that his sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). A § 2255 motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As <u>Johnson</u>, decided on June 26, 2015, announced a new substantive rule, the decision has retroactive effect, see <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016). Petitioner's § 2255 motion, filed on December 8, 2015, is timely.

Nonetheless, Petitioner is not entitled to relief. <u>Johnson</u> invalidated the residual clause of the Armed Career Criminal Act,

holding that the act "violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. The decision was an application of the "void for vagueness" rule, a rule that stems from the Due Process Clause of the Constitution. Due process, a central tenet of the American legal system, prohibits the Government from "taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Id. at 2556 (citations omitted). Adjudication of the ACCA's residual clause was arbitrary, to say the least: "pervasive disagreement" created "numerous splits among the lower federal courts." Id. at 2560. Owing to the numerous uncertainties the ACCA residual clause spawned, the "shapeless" clause was simply incompatible with due process. Id.

The Johnson decision nullified the impermissibly vague residual clause of the ACCA—a clause which fixed sentencing ranges. 135 S. Ct. at 2557. Beckles, meanwhile, concerned advisory guidelines that "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Beckles, 137 S. Ct. at 892 (emphasis added). Beckles held

that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and that the residual clause in § 4B1.2(a)(2) is not void for vagueness.  Id. at 890.  After all, the Supreme Court reasoned, if the system of purely discretionary sentencing that predated the sentencing guidelines was not unconstitutionally vague, neither could be "the present system of guided discretion."  Id. at 894.

As the guidelines are advisory rather than mandatory, the residual clause of the career offender guideline survives Johnson.  Petitioner is therefore not entitled to relief on his amended § 2255 motion.

Petitioner argues that the classification of his domestic battery conviction as a crime of violence is inaccurate.  See United States v. Evans, 576 F.3d at 767-769.  However, Petitioner's argument is not cognizable in a § 2255 petition.  Generally, deviations from the sentencing guidelines are not cognizable under 28 U.S.C. § 2255.  See Welch v. United States, 604 F.3d 408, 412 (7th Cir. 2010).  After the guidelines were made advisory, the Seventh Circuit held in Hawkins v. United States that an erroneous determination that a petitioner is a career offender is not a cognizable error under §

2255.  Hawkins, 706 F.3d 820, 824-825 (7th Cir. 2013), opinion supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013). Weighing the judicial system's interest in finality against the injustice of a possibly mistaken sentence, the court wrote that a "sentence that is well below the ceiling imposed by Congress . . . should [not] . . . be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it."  Id. at 824-825; see also United States v. Coleman, 763 F.3d 706, 708-10 (7th Cir. 2014) (reversing district court order vacating sentence where, although the sexual assault conviction could no longer form the basis for career offender status, the error was not cognizable in the § 2255 petition).

Here, as in Hawkins, the Court sentenced Petitioner under the advisory guidelines to a sentence well below the statutory maximum sentence of forty years.  The purported error in designating Petitioner a career offender based on a conviction for domestic battery is simply not cognizable in a § 2255 petition.  Besides, even if Evans rendered Petitioner's domestic battery conviction invalid, Petitioner would still have on his record two convictions for crimes

of violence, making him a career offender. Petitioner is consequently not entitled to relief under 28 U.S.C. § 2255.

## III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, Petitioner has not made a substantial showing of the denial of a constitutional right. The Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons stated, Petitioner Anthony Jordan's Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 5) is DENIED. Petitioner's Motion to Modify and/or Correct Sentence (d/e 1) is DENIED as MOOT. The Government's Motion to Revoke Petitioner's Release (d/e 19) is GRANTED. The Court declines to issue a certificate of appealability. This case is CLOSED.

ENTER: September 12, 2017

                    */s/ Sue E. Myerscough*
                    SUE E. MYERSCOUGH
                    UNITED STATES DISTRICT JUDGE